# Bennett *et al v.* The State.

### Indictment for Larceny from Warehouse.

1. *Opinion of witness; what, inadmissible.* — A witness who was very wakeful and saw defendant go to bed, in the same room in which witness slept that night, and found him there next morning, cannot give his opinion " that the defendant could not have left the room without his knowing it," as proof to establish an *alibi* for the defendant.

2. *Evidence; what irrelevant on trial of larceny.* — On a trial for larceny, proof of the " bad character " of the employees and others about the warehouse, from which the property was stolen, who are in nowise connected with the case either as defendants or witnesses, and not charged with the theft, is wholly foreign to the issue and utterly inadmissible.

3. *Case reaffirmed.* — *Hagan* v. *State,* at present term, reaffirmed as to what constitutes a " warehouse " within the meaning of section 3707 of Revised Code.

[Bennett v. State.]

APPEAL from Circuit Court of Wilcox.

Tried before Hon. JOHN K. HENRY.

The appellants were convicted for larceny from a warehouse, under § 3707 of the Revised Code. On the trial one of them sought to establish an *alibi*. A witness for the defence testified that he was very wakeful; that he saw Bennett go to bed in the same room in which witness slept that night and found him there next morning when he awoke; that there were two doors to the room; that these were the only openings, and that witness slept near one of them. The defence then " offered to show to the jury, that in the opinion of this witness defendant could not have left, or got out of the house, without witness' knowing it." The court refused this offer, and " would not allow said evidence as to the witness' opinion to go to the jury, and defendants duly excepted." In the further progress of the trial the defendants offered to show that the employees at the warehouse, from which the larceny was committed, but who were not witnesses, or in any way connected with the case, or charged with the theft, " were of bad character." The court refused to allow this proof to be made, and the defendants duly excepted.

The evidence showed that the building, from which the cotton was stolen, was a covered structure, used for storing cotton bales. One side and end were planked up, and the other left open so that wagons could drive under the shed thus formed to load and unload. The structure, together with two acres of land connected therewith, was inclosed by a close plank fence nine feet high, the gates of which were kept locked. The court charged the jury if they believed that such was the character of the place from which the cotton was stolen, and that it was used for storing cotton, it was a " warehouse " within the meaning of the statute. The defendants excepted to the giving of this charge. The various rulings to which exceptions were reserved are now assigned as error.

JOHN McCASKILL, for appellants. — The witness' opinion, on facts already given the jury, should have been allowed for what it was worth. 29 Ala. 244; 19 Ohio, 302.

JOHN W. A. SANFORD, Attorney General, with whom was J. Y. KILPATRICK, *contra.* — The court did not err in refusing to permit the witness to give his opinion. He was not an *expert.* 8 Watts, 406; 52 Missouri, 221; *Whittierr* v. *Town of New Hampshire*, Am. Law Register, vol. 14, 704.

BRICKELL, C. J. — It is peculiarly the province of the jury to draw deductions or inferences from facts, and it is sel-

[Bennett v. State.]

dom, if ever, permissible for a witness, not an expert, to give his mere opinion — an opinion which is a mere inference from facts — when the jury are equally competent as to such matter to form the opinion or deduce the conclusion sought from the facts. The witness in this case was not an expert. The matter about which his opinion was sought was as to an inference from facts, which it required no peculiar skill, or particular fitness or experience, to solve. Whether the event could have happened, as to the occurrence of which the witness' opinion was desired, was a matter of which the jury, guided by their observation and experience, and the circumstances of the particular case, were the best and only judges. The question asked went to the merits of the whole case. There is no appreciable difference between the opinion asked for, and a request for the witness' opinion as to whether the *alibi* was proved. The question called for an opinion which was clearly inadmissible, and the court rightly refused to permit the witness to answer. *State* v. *Garvey*, 11 Minn. 163 ; *Don Crane & Wife* v. *Town of Northfield*, 33 Vermont, 124 ; *Comm.* v. *Cooley*, 6 Gray, 355 ; *Pelamourges* v. *Clark*, 9 Iowa, 16 ; *Walker* v. *Walker*, 34 Ala. 473.

II. The court did not err in refusing to allow the defendants to show the " bad character " of those in charge of the yard and press. It is expressly stated that they were not witnesses or charged with the theft, or otherwise connected with the case. Such an issue was wholly foreign to that on trial. The proof offered would have needlessly incumbered the case, served to distract the attention of the jury from the main points involved, and have uselessly wasted the public time. It would be a dangerous precedent to allow a defendant to take up the time of the court in showing that parties living near the scene of the crime, or who had an opportunity to commit it, were of bad character ; there often would be no end to the inquiries thus submitted to the jury, and the trial of criminal cases could thereby be protracted, sometimes beyond the term during which the court is authorized to sit. The evidence was inadmissible for another reason. It did not show whether the bad character was as to truth and veracity, or for honesty. If the proposed evidence was as to the character for *truth and veracity*, it would clearly be inadmissible, where the parties referred to were not witnesses or otherwise connected with the case, even if we could hold that evidence of bad character for honesty was admissible.

III. There is nothing in the error assigned as to the charge of the court. Under the evidence in this case the structure mentioned was a " warehouse," within the meaning of § 3707 of the Revised Code. *Hagan et al* v. *State*, in MS. Besides

[Hagan v. State.]

this, the exception is a mere general exception to the entire charge of the court not specifying the objectionable parts. In such cases, if any proposition in the charge is correct, the exception is not available.

The judgment of the court below is affirmed.

