# CASES

IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1909-1910

## Parker *v.* The State.

*Murder.*

(Decided June 30, 1909. Rehearing denied Dec. 16, 1909.—51 South. 260.)

1. *Jury; List; Service; Variance in Name.*—Where the name drawn on the venire was the same as that placed on the list served the venire was not affected because no such person was found, although it appeared that another was the person really summoned. (Section 7265, Code 1907.)

2. *Homicide; Dying Declarations; Admissibility.*—Where it appeared that the deceased died from bullet wounds, one of which penetrated his lungs and that late in the afternoon before his death the next morning he stated that he was suffering very much and could not live, that he was suffering considerably, getting worse all the time, was very weak, that it was an effort for him to talk and that the wound in his lung would kill him, and then made his statement of the circumstances of the shooting, such statement was made under a sense of impending death, and was admissible as a dying declaration.

3. *Same;.*—Dying declarations are admitted upon the principle that the consciousness of impending dissolution removes all motive for making a false statement.

4. *Homicide; Instructions; Self Defense.*—A charge predicating the right of self-defense upon being in great danger of bodily harm, is properly refused, since the bodily harm hypothesized may have been so slight as not to authorize a killing.

5. *Same.*—Charges on self-defense which do not require that the impending danger mentioned be of death or great bodily harm, or that accused was impressed that there was such danger, are properly refused.

6. *Same.*—A charge asserting that if the jury believed that at the time of the killing accused honestly believed that there existed a present necessity to kill to save his own life or prevent grievous

1—165

bodily harm, and the circumstances at the time were such as to impress the mind of a reasonable man of such imminent peril and urgent necessity, and the defendant did not bring on or provoke the difficulty, the jury must acquit, was properly refused.

7. *Same.*—A charge asserting that if defendant acted upon the honest belief that he was in danger of losing his life or of suffering great bodily harm from decedent when he fired the fatal shot and did not provoke or bring on the difficulty, he should be acquitted, was properly refused.

8. *Same; Malice and Provocation.*—A charge asserting that if the jury believed that when defendant inflicted the fatal blow he was not actuated by malice but acted from a suddenly aroused adequate provocation or in self-defense, they must acquit, was properly refused.

9. *Same; Impeaching Dying Declarations; Instructions.*—A charge asserting that the jury might consider the testimony of a witness as to statements made by deceased tending to contradict the statements made in his dying declarations in determining what weight they would give to the dying declarations, was proper and its refusal error.

10. *Evidence; Opinion Evidence.*—Whether one witness or another was in better position to see the difficulty called for a conclusion or the opinion of the witness.

11. *Charge of Court; Reasonable Doubt.*—A charge authorizing a finding of not guilty if one of the jurors has a reasonable doubt as to the guilt of the defendant was improper; such charges should deny a verdict of guilt under such circumstances.

12. *Same.*—A charge asserting that if the jury have a reasonable doubt whether the circumstances at the time of the killing was such as to impress the mind of a reasonable man that he was in danger of great bodily harm they must give the defendant the benefit of the doubt and acquit him, was properly refused.

13. *Same; Argumentative.*—A charge asserting that if the jury believed that the dying declarations introduced were written by the prosecuting attorney and that he would ask decedent questions. and then have decedent answer them and then write down the answers, it was the jury's duty to carefully scrutinize such dying declarations, was argumentative and properly refused.

14. *Same.*—A charge asserting that the law is as much vindicated by the acquittal of an innocent person as by the conviction of a guilty one, was properly refused, as argumentative.

15. *Same; Covered by Those Given.*—It is not error to refuse charges covered by written charges already given.

16. *Same; Abstract Instructions.*—A charge not supported by any evidence in the case is abstract and properly refused.

17. *Same; Sufficiency of Evidence.*—A charge asserting that the jury must be satisfied to a moral certainty, not only that the proof was ,consistent with the defendant's guilt but that it was wholly inconsistent with every other rational conclusion, and unless the jury was so convinced of guilt that they would each venture upon it in matters of the highest concern to their own interests, they must acquit, was properly refused.

18. *Same; Weight of Evidence.*—The fact that the dying declarations introduced in evidence were taken down by an attorney who afterwards represented the state in the prosecution does not authorize an instruction requesting the jury to scrutinize such declarations carefully because of that fact.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Luther Parker was convicted of murder in the second degree, and he appeals. Reversed and remandeed.

The defendant entered a motion to quash the venire upon the grounds "(1) that a copy of the petit jurors drawn for the second week of this term of this court was not served upon the defendant as required by order of the court; (2) because a copy of the list of the petit jurors drawn for the second week of this term of this court, together with a copy of the list of the special jurors drawn and ordered summoned in this case, was not served upon the defendant, or his attorneys, as required by the order of the court; (3) because on the original list of the petit jurors drawn for the second week of this term of this court there appears the name of G. C. Abbott, and the name of G. C. Abbott does not appear on the copy served upon the defendant or his attorney, and because on the copy of the petit jurors drawn for the second week of this term of this court and served upon the defendant there appears the name of G. C. Ahhatt, and the name of said G. C. Ahhatt does not appear on the original list, and there is no such man in beat 8."

The following charges were refused to the defendant:

"(1) It is not necessary that a man should be actually and really in danger of great bodily harm, or that retreat would actually and really increase his danger, in order for him to be justified in taking the life of his assailant. He has the right to act upon the reasonable

appearance of same. If the circumstances are such as to justify a reasonable man in the belief that he is in great danger of bodily harm, and that he cannot retreat without adding to his peril, and he honestly believes that such is the case, and he is free from fault in bringing on the difficulty, then he has the right to kill his assailant in his own defense, although as a matter of fact he was in no actual danger, and retreat would not have endangered his personal safety.

"(2) If the jury believe from the evidence that the defendant is without fault in bringing on the fatal difficulty, and that at the time he inflicted the fatal wound on the deceased there existed a real or apparent danger, or a present, impending, imperious necessity to strike in order to save his own life, or to save himself from great bodily harm, and that there was no reasonable mode of escape by retreating or by avoiding the combat with safety, they must find the defendant not guilty.

"(3) The court charges the jury that the law presumes the defendant to be innocent of the commission of the offense charged in the indictment, and this presumption continues to grow in favor of the defendant until the evidence convinces the jury beyond a reasonable doubt of his guilt; and you cannot find the defendant guilty of the offense charged in the indictment until the evidence in this case satisfies you beyond all reasonable doubt of his guilt; and so long as you, or any of you, have a reasonable doubt as to the existence of any of the elements necessary to constitute the offense charged in the indictment, you should find the defendant not guilty.

"(4) If the jury believe from the evidence that at the time the defendant inflicted the fatal blow on the deceased that he was not actuated by malice, but that he acted from a suddenly aroused, adequate provocation, or that he acted in self-defense, you must acquit him.

"(5) The court charges the jury that if they believe from the evidence that the dying declaration introduced in evidence in this case was written by J. B. Brown, an attorney who is prosecuting in this case for the state, and that he would ask the deceased questions, and then have deceased answer them and write down the answers, then it is their duty to scrutinize carefully the said alleged dying declarations.

"(6) Before the jury can convict a defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion; unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, then they must find the defendant not guilty.

"(7) If the jury believe from the evidence that at the time of the killing the defendant entertained the honest belief in the existence of the present necessity on his part to kill, in order to save his own life or to prevent the infliction of grievous bodily harm, and the circumstances at the time are such as to impress the mind of a reasonable man under the same state of facts with the belief of such imminent peril and urgent necessity, and if they further believe from the evidence that the defendant did not bring on the difficuty or provoke it, then they must find the defendant not guilty.

"(8) If the jury have a reasonable doubt whether the circumstances were such as to impress the mind of a reasonable man that he was in great danger of great bodily harm at the time of the killing, then they must acquit him, giving the prisoner the benefit of that doubt.

"(9) The court charges the jury that if, at the time the fatal shot was fired, the defendant acted upon the

honest belief that he was in danger of losing his life or of sustaining great bodily harm at the hands of the deceased, and that the defendant did not provoke or bring on the difficulty, then the defendant should be found not guilty.

"(10) If the defendant shot under the bona fide belief that his life was in danger, and had under all the circumstances reasonable cause to believe that he was in imminent danger at the moment the shot was fired, it would be immaterial whether there was such actual danger or not.

"(11) Unless the evidence against the defendant should be such as to exclude to a moral certainty every hypothesis but that of the guilt of the accused, the jury must acquit.

"(12) The court charges the jury that the law is as much vindicated by the acquittal of an innocent person as by the conviction of a guilty one.

"(123) The court charges the jury that, if they are reasonably satisfied from the evidence that the alleged dying statement of the deceased was not made voluntarily and without any coercion on the part of any person at the time of making the same, it should not be given any weight by the jury in reaching their verdict.

"(14) The court charges the jury that they may take into their consideration the testimony of the witnesses as to statements made by the deceased, John Johnson, tending to contradict the dying declarations, in determining what weight the jury will give to the paper or statement introduced in evidence as the dying declaration of the deceased."

The reporter finds no charge marked 11½

F. E. St. Johns, and George H. Parker, for appellant.—The court erred in not quashing the venire.—

[Parker v. The State.]

*Brown v. The State,* 128 Ala. 16. A sufficient predicate was not laid for the dying declarations.—*Pulliam v. The State,* 88 Ala. 1; *Reynolds v. The State,* 68 Ala. 502. Counsel discuss assignments of error relative to evidence, but without citation of authority. Charge 1 should have been given.—*Green v. The State,* 143 Ala. 2. Charge 2 should have been given.—*Smith v. The State.* 142 Ala. 19. Charge 3 should have been given.— *Strickland v. The State,* 151 Ala. 35. Charge 5 was good.—*Shell v. The State,* 88 Ala. 14. Charge 10 was held good in *Snyder v. The State,* 145 Ala. 34, and in *Kennedy v. The State,* 140 Ala. 1. Charge 11 was good. *Riley v. The State,* 88 Ala. 188. Charge 13 should have been given.—*Commonwealth v. Casey,* 59 Am. Dec. 150; *Ledbetter v. The State,* 23 Tex. App. 247; 4 Ency. of Evid. 939. Charge 14 is clearly the law.—*Harris v. The State,* 96 Ala. 28; *Gregory v. The State,* 140 Ala. 16; *Shell v. The State, supra; Roberts v. The State,* 122 Ala. 49.

ALEXANDER M. GARBER, Attorney General, and BROWN & KYLE, for appellee. The court did not err in refusing to quash the venire.—Section 7265, Code 1907. The predicate was sufficient for the admission of dying declarations.—*Justice v. The State,* 99 Ala. 181; 140 Ala. 16. Charge 1 was properly refused.—153 Ala. 30; 135 Ala. 13; 134 Ala. 100. Charge 2 was properly refused. —Authorities supra. Charges 3, 4 and 5 were properly refused.—*Parker v. The State, supra.* Charge 11 was erroneous.—*Crawford v. The State,* 112 Ala. 26. On the same authority charge 14 was properly refused.

SIMPSON, J.—There was no error in overruling the motion to quash the venire. Section 7265 of the Criminal Code of 1907 provides that, when the day set for the

trial is a day of a subsequent week of the term, the special jurors so drawn, together with the jurors drawn for such subsequent week, shall constitute such venire.

The record shows that G. C. Ahhatt was drawn as one of the jurors for the week set for the trial, and the order for serving the venire was made by the court in accordance with the statute; and the list of jurors served on the defendant, as set out in the bill of exceptions, also shows the same name. The fact that G. C. Abbott was really summoned, and that no such person as G. C. Ahhatt was found, does not affect the validity of the venire, as the original list certified to by the jury commissioners shows that the name drawn is the same as that in the list served.

The widow of the deceased testified that at about 4 or 5 o'clock in the evening, before her husband died in the morning (after he had been shot four times, one bullet going through his lung, as testified by the physician), he said two or three times that he could not live. This was while Mr. Metz was there. Said Metz testified that he called that evening to see deceased, and witnessed the statement made by the deceased, and that before the statement was made the deceased "said he suffered very much and could not live." The statement was taken down in writing and witnessed. It commences with these words: "I am suffering considerably, and and getting worse all the time. This wound in my lung will kill me. I fell very weak now, and it is a right smart effort for me to talk."

Dying declarations are admitted upon the theory that the consciousness of approaching death dispels from the mind all motive for making a false statement, in view of the fact that the party recognizes the fact that he shall soon appear in the presence of his Maker. The circumstances of each case must be considered—the con-

dition of the person, as well as what he says in regard to approaching dissolution. Prof. Wigmore, after discussing the matter at some length, says: "No rule can be laid down. The circumstances of each case will show whether the requisite consciousness existed; and it is a poor policy to disturb the ruling of the trial judge upon the meaning of these circumstances."—2 Wigmore on Ev. p. 1809, § 1442. According to our later decisions, as well as on the general principles laid down, we hold that the dying statement was properly admitted.—*Gregory v. State*, 140 Ala. 16, 20, 21, 37 South. 259; *Gibson v. State*, 126 Ala. 59, 61, 62, 28 South. 673; *McQueen v. State*, 103 Ala. 12, 16, 15 South. 824. In the case of *Titus v. State*, 117 Ala. 16, 23 South. 77, the statements excluded were mere exclamations, and did not show a deliberate sense of impending dissolution, nor an intention to make the statements as evidence, as did the subsequent statements of the same party, which were reduced to writing and properly admitted. To the same effect is the *Case of Justice*, 99 Ala. 180, 13 South. 658. See, also, *Jordan v. State*, 81 Ala. 20, 1 South. 577; s. c., 82 Ala. 1, 2 South. 460; *Ward v. State*, 78 Ala. 441; *Pulliam v. State*, 88 Ala. 1, 6 South. 839; *McQueen v. State*, 94 Ala. 50, 10 South. 433.

The objection to the question to Mrs. Jennie Woods, "Which was in the better position to see the difficulty, you or Mr. Jimmie Woods?" was properly sustained, as the question asked for the mere opinion of the witness, and not for facts.

There was no error in sustaining the objection to the question to the defendant, "What sort of a warrant was your brother coming to town after?" It was immaterial what kind of a warrant his brother was going for.

Charge 1, requested by the defendant, hypothesizes "great danger of bodily harm," and not danger of great

bodily harm, and was properly refused. The bodily harm of which there was great danger may have been very slight.

Charge 2, requested by the defendant, was properly refused. Said charge does not hypothesize that the "danger" was of death or great bodily harm, nor does it hypothesize that the defendant was impressed that there was danger, etc. While it is true that this charge is a copy of charge 19 in the case of *Smith v. State*, 142 Ala. 14, 39 South. 329, with the word "reasonably" omitted, which was criticised in that case, yet the court, by making that criticism, did not necessarily decide that the charge was otherwise good. The court frequently points out one defect, which is sufficient, without enumerating all of the defects.

The same is true of charge B, criticised in the case of *Strickland v. State*, 151 Ala. 31, 44 South. 90. The charge is also bad because it instructs the jury that, if one of them has a reasonable doubt of the guilt of the defendant, "they must find the defendant not guilty," instead of stating that they cannot find him guilty. They might make a mistrial, but could not find him not guilty, merely because one juror had a reasonable doubt. Consequently, charge 3 was properly refused.

Charge 5, requested by the defendant, was properly refused. It is argumentative, and states a false proposition of law. It is true that dying declarations are received with caution, yet the mere fact that the attorney who took down the statement is now representing the prosecution does not authorize the court to single out that fact as a mark of suspicion in charging the jury.

Charges 4, 6, 7, 8, and 9 were properly refused.

Charge 10 was a duplicate of charge 11, given at the request of the defendant, and was properly refused.

Chare 11½ was properly refused.—*Crawford v. State*, 112 Ala. 4, 26, 21 South. 214.

[Parker v. The State.]

Charge 12 is a mere argument, and was properly refused.

Charge 13 is abstract and was properly refused. There was no evidence tending to show any coercion.

Charge 14 was properly refused, as it assumes the fact that the testimony of certain witnesses tended to contradict the dying declaration, in place of leaving it to the jury to determine whether said testimony had such tendency.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.

ON REHEARING.

SIMPSON, J.—On reconsidering this case, the court concludes that charge 14, requested by the defendant, should have been given, on the authority of *Harris v. State,* 96 Ala. 24, 11 South. 255.

The rehearing is accordingly granted and the judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.