(75 South. 192)

SMITH v. STATE. (2 Div. 144.)

(Court of Appeals of Alabama. April 10, 1917. Rehearing Denied May 15, 1917.)

**1. CRIMINAL LAW ⟷1054(1) — APPEAL — RESERVATION OF GROUNDS FOR REVIEW.**

Where it does not appear on appeal that the defendant reserved any exceptions to the ruling of the court in sustaining the state's objection to a question propounded to a witness, error alleged need not be discussed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2662.]

**2. HOMICIDE ⟷218 — EVIDENCE — DYING DECLARATIONS.**

In a homicide case the admissibility or competency of the dying declarations of the deceased is for the trial court in the first instance under the circumstances of each case.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 458, 459.]

**3. HOMICIDE ⟷221 — EVIDENCE — DYING DECLARATIONS.**

The weight, credibility, and sufficiency of dying declarations of the deceased is for the jury.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 463, 464.]

**4. HOMICIDE ⟷203(3) — EVIDENCE — DYING DECLARATIONS OF DECEASED.**

Where it appeared that the deceased before making dying declarations was conscious and talked rationally and stated that he knew he was going to die, that he never had any hope of recovery, and that he made these statements

---

just before he made the dying declarations, and the attending physician stated to the deceased that his condition was such that he could not offer him any hope, such dying declarations were properly admitted, and court did not err in overruling the motion to exclude them.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 432.]

**5. HOMICIDE ☞215(4) — EVIDENCE — DYING DECLARATIONS OF DECEASED.**

Where the court properly excluded the only objectionable portion of dying declarations, they were not objectionable on the ground that they stated a conclusion of the deceased.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 454–456.]

**6. CRIMINAL LAW ☞448(6) — EVIDENCE — OPINION EVIDENCE—ADMISSIBILITY.**

As a question asked a witness, "Was [deceased] or not of a character in that community that if he made a threat to take the life of a person it would be generally expected that he intended to do it?" called for the opinion of the witness, and invaded the province of the jury, an objection thereto was properly sustained.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1036, 1043.]

**7. HOMICIDE ☞193 — EVIDENCE — ADMISSIBILITY.**

There was no error in sustaining the state's objection to a question, asked a witness, who had testified that he had seen deceased during the week he was killed, and that he thought it was Wednesday, "Did he have pistol or not?" it not having been shown that the fact sought to be proven by this witness had been made known to defendant.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 416.]

**8. HOMICIDE ☞190(8) — EVIDENCE — ADMISSIBILITY.**

Testimony that on Wednesday, before the day of the homicide, which was on Friday, a witness had seen the deceased with a pistol, and that he had made threats against the defendant, was properly admitted, where it appeared that the facts had been brought to the knowledge of the defendant.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 410, 411.]

**9. HOMICIDE ☞193 — EVIDENCE — ADMISSIBILITY.**

Where it appeared that the deceased had left his wife about five minutes prior to the homicide and proceeded straight to the scene of the difficulty, the court properly overruled an objection to the question asked the wife, "Have you ever seen that pistol?" referring to the pistol found near the place of shooting; the weight of the testimony being for the jury.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 416.]

**10. WITNESSES ☞349 — CROSS-EXAMINATION —QUESTIONS AS TO CHARACTER.**

Although much latitude is allowed in the cross-examination of a witness as to character, even to the extent of allowing questions which may call for irrelevant evidence, the latitude of cross-examination of character witnesses is largely within the discretion of the trial court.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1135–1139.]

**11. WITNESSES ☞355—EXAMINATION—QUESTIONS AS TO CHARACTER.**

Where it was shown that a witness had never heard of the deceased being guilty of matters premised in a question as to character, an objection thereto was properly sustained.

[Ed. Note.—For other cases; see Witnesses, Cent. Dig. §§ 1154–1156.]

**12. HOMICIDE ☞188(1)—EVIDENCE—ADMISSIBILITY.**

Question asked a witness referring to the deceased, "Would you consider him a man of good character who threatened to take the life of the owner of a piece of land if he came on it?" was objectionable, in that it sought to inquire into the general character of the deceased, which was not and could not have been in issue.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 391.]

**13. HOMICIDE ☞188(5)—EVIDENCE—ADMISSIBILITY.**

Such question was also objectionable as abstract, since it sought to ascertain the witness' estimate of what constituted good character, instead of seeking to ascertain what he considered good character for peace and quiet.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 395.]

**14. HOMICIDE ☞188(5)—EVIDENCE—ADMISSIBILITY.**

Such question was also objectionable in that it required the witness to determine the deceased's character for peace and quiet from one isolated instance, while character must be shown by the general reputation of the person in a community in which he lives and among the people who know him, and violent character cannot be shown by particular instances.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 395.]

**15. CRIMINAL LAW ☞811(6) — TRIAL — INSTRUCTIONS.**

An instruction that "it is your duty to consider the testimony of defendant, as much as it is your duty to consider the evidence of any other witness in the case, and if the testimony of defendant raises in your mind a reasonable doubt of his guilt, then you should not convict him, but should acquit," was properly refused, as it gave undue prominence to the testimony of the defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1787, 1971.]

**16. CRIMINAL LAW ☞829(1)—INSTRUCTIONS —INSTRUCTION ALREADY GIVEN.**

The refusal of a charge constituting a correct statement of law is not cause for reversal if the same rule of law was substantially and generally given in the general charge or in charges given at the request of the parties.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011.]

Appeal from Circuit Court, Dallas County; B. M. Miller, Judge.

R. C. Smith was convicted of manslaughter in the first degree, and he appeals. Affirmed.

The person alleged to have been killed was Riley B. Stone, and the instrument alleged was a pistol. The question to Humphrey Laster was as follows:

"Was Mr. Stone, or not, of a character in that community that if he made a threat to take the life of a person it would be generally expected that he intended to do it?"

The witness D. Y. Wood testified that he saw Mr. Stone during the week he was killed, and that he thought it was on Wednesday, and he was asked:

"Did he have a pistol or not?"

Witness J. O. Hain was asked the following question, to which objection was sustain-

ed, said question referring to Riley B. Stone, the dead man:

"First, was he the kind of man that if he made a threat to take your life, you would treat it as not amounting to anything or that he meant business?" "Second, would you consider him a man of good character who threatened to take the life of the owner of a piece of land if he came on it?"

The following charges were refused to defendant:

(9) It is your duty to consider the testimony of defendant, as much as it is your duty to consider the evidence of any other witness in the case, and if the testimony of defendant raises in your mind a reasonable doubt of his guilt, then you should not convict him but should acquit.

(2) The probability of a thing being true means that there is more evidence in favor of its being true than there is evidence in favor of its being the opposite of true.

Craig & Craig, of Selma, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted for murder. He was tried and convicted of manslaughter, from which judgment of conviction he appeals. The killing was admitted, and the defendant undertook to justify it by his plea of self-defense. Pending the trial, many exceptions were reserved to the rulings of the court upon the evidence, and also upon the charge of the court and the court's refusal of written charges requested by the defendant.

[1] The first insistence of error relative to the ruling of the court in sustaining the state's objection to question propounded to witness F. D. Stewart, while seemingly without error, need not be discussed here, as it does not appear that the defendant reserved any exceptions as to ruling of the court on these questions. McPherson v. State, 198 Ala. 5, 73 South. 387.

[2] It is contended that the court erred in permitting the state to introduce the dying declarations of the deceased, on the grounds that no sufficient predicate had been laid, etc. The admissibility or competency of dying declarations is for the determination of the trial court in the first instance; and in this connection it has been well said:

"No rule can be laid down. The circumstances of each case will show whether the requisite consciousness existed; and it is a poor policy to disturb the ruling of the trial judge upon the meaning of these circumstances." Parker v. State, 165 Ala. 9, 51 South. 260.

[3-5] The weight, credibility and sufficiency of dying declarations is within the province of the jury to pass upon. Faire v. State, 58 Ala. 74. Where the attending facts and circumstances disclosed by the testimony show, as in the instant case, that the deceased was conscious, and talked perfectly rationally, and stated that he knew he was going to die, that he never had any hope of recovery, that he made these statements just before he made the dying declarations, and the attending physician stated to him that

16 ALA.APP.—4

his condition was such that he could not offer him any hope, such a showing meets every requirement of the law, and complies fully with the rules laid down for the admissibility of this character of testimony. The ruling of the court in this connection was free from error, and the dying declarations were properly admitted. Johnson v. State, 169 Ala. 10, 53 South. 769; Ex parte Key, 5 Ala. App. 274, 59 South. 331; Jarvis v. State, 138 Ala. 17, 34 South. 1025. The court did not err in overruling the motion to exclude the dying declarations. Authorities supra. Nor were the dying declarations objectionable on the ground that they stated a conclusion of the deceased. The court properly excluded the only objectionable portion of the dying declaration. Smith v. State, 133 Ala. 73, 31 South. 942; Walker v. State, 52 Ala. 192.

[6] The question propounded to witness Humphrey Laster was objectionable in that it called for the opinion of this witness as to his conception or idea as to what deceased would have done under certain conditions. The question clearly called for the private opinion of the witness and invaded the province of the jury, and the objection thereto was properly sustained. Bennett v. State, 52 Ala. 370.

[7, 8] The court committed no error in sustaining the state's objection to question asked witness D. Y. Wood, it not having been shown that the fact sought to be proven by this witness had been made known to the defendant. One witness had been permitted to testify that on Wednesday before the day of the fatal difficulty, which was on Friday, he had seen the deceased with a pistol, and that he made threats against the defendant, etc. This testimony was properly permitted to go to the jury, for these facts had been brought to knowledge of the defendant. Inasmuch as the other instances sought to be shown along this line were not brought to the knowledge of the defendant, they were not admissible. Jackson v. State, 41 South. 178;[1] Rodgers v. State, 144 Ala. 32, 40 South. 572; Bluett v. State, 151 Ala. 41, 44 South. 84; Crumpton v. State, 167 Ala. 9, 52 South. 605.

[9] The court properly overruled the objection to the question propounded to witness Mrs. Riley D. Stone: "Have you ever seen that pistol?" (The pistol that testimony of witnesses for defendant stated was found on ground near the place of shooting was shown to her.) This question clearly called for material testimony on a material issue in this case. It was clear that the defendant's insistence was that the pistol in question was in the possession of deceased at the time and place of the fatal difficulty; while, on the other hand, it was clearly the insistence of the state that this was a manufactured piece of evidence, and that deceased had no pistol on that occasion. This witness, Mrs. Stone,

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in 147 Ala. 699.

was the wife of the deceased Riley D. Stone, and the testimony disclosed the fact that they were living together as man and wife, which implies constant, close, and confidential association; hence this witness was better prepared to testify as to whether or not her own husband, who had left her side a very short time prior (about five minutes), and had gone straight up the road to the scene of the fatal difficulty, had a pistol in his possession of the kind and character shown. It was an issue of fact for the jury, and the testimony sought to be adduced by the question propounded would shed material light upon the matter. The weight of the testimony as adduced was a question for the jury.

[10, 11] The court properly sustained the state's objection to question propounded to witness Henry Lide. This witness had testified that the deceased did not bear the character of being a dangerous man, and, on cross-examination, that he had not heard about him having a fight with certain parties or had not heard about him drawing a knife to cut any one, and had never heard of him trying to use a pistol, etc. The question, therefore, was abstract, and could not throw any light on how the witness arrived at his estimate of the character of deceased as a general rule. Much latitude is allowed upon cross-examination of a witness as to character, even sometimes to the extent, within the sound discretion of the court, of asking questions which may call for irrelevant evidence. Carson v. State, 128 Ala. 60, 29 South. 608. This latitude, however, of cross-examination of character witnesses is largely within the discretion of the trial court. Had it been shown that the witness had heard of the facts premised in the question and in the face of this condition had testified as to the good character of the deceased, etc., the question as propounded would not have been objectionable. The testimony, however, of this witness was to the effect that he had never heard of deceased being guilty of the matters contained in the question. It was therefore abstract, and the objection interposed by the state was properly sustained.

[12-14] There was no error in the ruling of the court on the questions propounded to witness J. O. Hain. The first question was objectionable in that it called for the opinion of this witness as to what he thought the deceased would do under certain circumstances, and was clearly an invasion of the province of the jury. It is peculiarly the province of the jury to draw deductions or inferences from facts, and it is seldom, if ever, permissible for a witness not an expert to give his mere opinion, an opinion which is a mere inference from facts, where the jury are equally competent as to such matters to form the opinion or deduce the conclusion sought from the facts. Bennett v. State, 52 Ala. 370. The second question propounded to witness J. O. Hain was objectionable in that it sought to inquire into the general character of the deceased, which was not and could not be in issue. The question was abstract, as it sought to ascertain the witness' estimate of what constituted good character, instead of seeking to ascertain what he considered good character for peace and quiet. Furthermore, the evidence did not show that this witness had ever heard of the facts premised in the question, and therefore it could in no manner discredit his estimate of deceased's character. It was further objectionable, as it required the witness to determine the deceased's character for peace and quietude from one isolated instance, when character must be shown by the general reputation of the person in the community in which he lives and among the people who know him. Violent character cannot be shown by particular instances. Jackson v. State, 177 Ala. 12, 59 South. 171; Cook v. State, 5 Ala. App. 11, 59 South. 519.

There was no error in refusing charge 5, as this charge was substantially covered by given charge 4.

[15, 16] Charge 9 was properly refused. It gave undue prominence to the testimony of the defendant, and was also misleading. Stone v. State, 105 Ala. 60, 17 South. 114; Mann v. State, 134 Ala. 1, 32 South. 704. Charge 2 was argumentative, and therefore properly refused. Other refused charges are not insisted upon or discussed by appellant's counsel in brief filed, nor do we think the refusal of any of them constitutes error, as the same charges were substantially covered by given charges. The refusal of a charge, though a correct statement of the law, should not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties. Acts 1915, p. 815.

We find no error in the record, and the judgment of the lower court is affirmed.

Affirmed.