22 So.2d 607

**SMITH v. STATE.**

8 Div. 474.

Court of Appeals of Alabama.

June 19, 1945.

H. H. Hamilton, of Russellville, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of assault with intent to murder, and his punishment fixed at imprisonment in the penitentiary for the term of two years. Code 1940, Title 14, Section 38.

The record is regular in all respects. No exception was reserved to any ruling made on the taking of testimony.

But in cases such as this "accused is entitled to, and it is error to refuse on request, a proper instruction [to the jury] on the presumption of his innocence which goes with him throughout the trial, or until it is met and overcome by the evidence in the cause." 23 C.J.S., Criminal Law, § 1221, p. 780. This following the law that "one who is accused is presumed to be innocent of the crime charged against him." 22 C.J.S., Criminal Law, § 581, pp. 893, 894.

■ Our own Supreme Court has said: "In every criminal case the defendant is clothed with the presumption of innocence, an abiding presumption to be overcome only by evidence of guilt removing all reasonable doubt. This presumption, and burden of proof cast upon the state, should be fully presented in the oral charge. Special charges in varying language are usually given at defendant's request." Turner v. State, 238 Ala. 352, 191 So. 396, 398.

■ Here, we have searched the charges, both oral and written, given to the jury trying the case, and we find no word touching upon the presumption of innocence with which appellant was clothed.

It was because of this fact, no doubt, that appellant requested the court to give to the jury written charge A.—which the reporter will set out in the report of this case.

This written charge A. is not distinguishable from written charge 10, held to state the law correctly, in the opinion in the case of Parker v. State 5 Ala.App. 64, 59 So. 518.

It was error, for which the judgment of conviction will be reversed, to refuse to give to the jury this written charge A.

■ Following this court's opinion in the case of Parker v. State, supra, we state, here, that, as the case must be reversed for the refusal to give this charge, it can serve no beneficial purpose to discuss the other refused charges—which may or may not be among the class of charges that have heretofore been passed upon and ap-

proved, or may or may not be requested upon another trial.

The judgment is reversed and the cause remanded.

Reversed and remanded.