# Logan *v.* The State.

## *Murder.*

(Decided Feb. 7th, 1907. 43 So. Rep. 10.)

1. *Grand Jury; Authority to Select; De facto Commissioners.*—The two commissioners who drew the grand jury each held commissions to their office at the time they drew the grand jury, and they were de facto officers and their acts valid, although they were subsequently ousted from office.

2. *Homicide; Evidence; Dying Declaration; Predicate.*—A sufficient predicate was laid for the admissions of dying declarations where it was shown that deceased said that he could not get well, but was going to die, and wanted to be at home when he died.

3. *Criminal Law; Appeal; Matter not Presented in Lower Court.*—
The minute entry showed that the grand jury was composed of
fifteen persons, but names only fourteen. The defendant in the
lower court moved to quash the venire on the grounds other
than want of sufficient number of grand jurors. Held, that the
objections for want of proper number of grand jurors cannot
be raised for the first time in the appellate court, and that the
appellate court will presume that the grand jury was legally
constituted.

4. *Homicide; Evidence; Previous Difficulty.*—The defendant cannot
testify as to the particulars of a previous difficulty between
him and deceased, where the state has not shown a previous
difficulty.

5. *Same; Trial; Instructions; Invading Province of Jury.*—The
charge asserting that if the jury believed beyond a reasonable
doubt that the defendant cursed deceased and said to him he
was going to kill him, and defendant said this as soon as de-
ceased came in sight of him the evening of the shooting, and
that defendant immediately after using the language shot de-
ceased, then the defendant could not be acquitted under plea
of self defense, is not error as invasive of the province of the
jury. (DOWDELL, ANDERSON and DENSON, JJ., dissent to this
proposition.)

APPEAL from Fayette Circuit Court.

Heard before Hon. S. H. SPROTT.

The defendant was indicted for murder in the first de-
gree, tried, convicted of murder in the second degree, and
sentenced to the penitentiary. He entered a motion to
quash the indictment because preferred by a grand jury
drawn by persons not authorized by law to draw grand
juries. The motion was based on the fact that since
the drawing of the grand jury two of the commission-
ers who were present and assisted in the drawing had
been ousted from that office by quo warranto proceed-
ings. It was further shown that at the time of the draw-
ing of the jury they each were acting by virtue of a com-
mission issued to them from the proper legal authori-
ties.

The predicate laid for the introduction of the dying
declarations was as follows: Two witnesses reached
him soon after he was shot, and he said to them that he
was shot, and could not get well, and was going to die,
and asked to be gotten home as soon as possible, that he

might be there when he died; that he knew he was going to die, and could never get well. When the defendant was upon the stand as a witness the defendant offered to show that he had had a previous difficulty with deceased, and afterwards to go into the details of the difficulty. This latter evidence the court sustained an objection to.

The opinion is full as to the objection to the grand jury on account of being composed of less than 15 members.

Charge 2 is as follows: "The court charges the jury that if they believe from the evidence in this case, beyond a reasonable doubt, that the defendant cursed Sam Duncan, and told Duncan he was going to kill him, and this was said by defendant as soon as Duncan came into sight of him the evening of the shooting, and, further, that the defendant, immediately after using this language, shot Sam Duncan, then the defendant could not be acquitted on the plea of self-defense."

J. J. MAYFIELD, for appellant.—The indictment upon which the defendant was tried affirmatively appears by an inspection of the record to be a nullity and this court must proceed to render such judgment on the record as the law demands.—*Fenley v. The State,* 61 Ala. 201; *O'Byrnes v. The State,* 61 Ala. 25. It affirmatively appears that only 14 appeared and answered and it thus affirmatively appears that the grand jury was constituted in violation of the statute.—Authorities supra; *Hall v. The State,* 134 Ala. 90; *Peters v. The State,* 98 Ala. 38; *Ramsey v. The State,* 113 Ala. 49; *Parmer v. The State,* 41 Ala. 416; *Fowler v. The State,* 100 Ala. 96. The court erred in overruling defendant's motion to quash the indictment because the grand jury finding it was not drawn by or in the presence of the officers required thereto by law. The court erred in refusing to allow the defendant to show by the witness Freeman that the deceased had waylaid the defendant or had eavesdropped the house of his neighbor Adams, while defendant was there.—*Fincher v. The State,* 58 Ala. 215; *Gafford v. The State,* 122 Ala. 52. The court erred in giving charge 2 for the state. When the defendant has

established a present pressing necessity to take life the onus is on the state to show that he was at fault in provoking or bringing on the difficulty.—*Gibson v. The State*, 89 Ala. 121. To establish the plea of self defense the defendant is only required to show that at the time he was actually or to ordinary reasonable appearance in imminent peril of life or limb.—*Keith v. The State*, 97 Ala. 32. The burden of proof is never on the defendant to show that he did not provoke the difficulty.—*Hinson v. The State*, 112 Ala. 41.

MASSEY WILSON, Attorney General, for State. No brief came to the reporter.

DOWDELL, J.—The commissioners H. Brown and W. M. Wright, who acted with the jury commissioners that drew the grand jury which found and returned the indictment against the defendant, were commissioners de facto, if not commissioners de jure. They each at the time held a commission of office regularly issued to each of them as such commissioners, and the fact that they were, subsequent to the time of the drawing of the jury in question, ousted of the office of commissioner on quo warranto proceedings against them, is of no importance. They each, while acting as commissioners in the drawing of the jury, acted under color of office, and were therefore de facto commissioners.—*Cary v. State*, 76 Ala. 78; *Spraggins v. State*, 139 Ala. 93, 35 South. 1000. The rule is well settled that the official acts of an officer de facto are just as valid for all purposes as those of an officer de jure, so far as the public and third persons are concerned.—*Cary v. State, supra; Joseph v. Cawthorn*, 74 Ala. 411, and cases there cited.

The predicate for the admission of evidence of dying declarations was sufficient, and no error was committed in overruling the defendant's objections to this evidence.

There was no error in sustaining the objection of the state to evidence by the defendant, when testifying as a witness in his own behalf, as to the particulars of a previous difficulty between the defendant and the deceased.

It is urged here that the grand jury which returned the indictment was an illegal grand jury, in that the

[Logan v. The State.]

record shows that, as organized, it was composed of only 14 persons. No such objection was made to the indictment in the court below. There is a conflict in statement in the minute entry relating to the organization of the grand jury, as appears from the transcript here. The minute entry affirmatively states that the grand jury, as organized by the court, consisted of 15 persons, but · sets out the names of only 14. Motion was made in the court below to quash the indictment on other grounds, and it is reasonable to presume, if the fact had existed that the grand jury was composed of only 14, motion would have been made to quash on that ground. In such a case we will presume, in favor of the affirmative statement in the judgment, that the grand jury as organized was composed of 15, and that the failure to state the name of the fifteenth person was a clerical omission in making up the transcript for this court.

Charge 2, given at the request of the solicitor, was invasive of the province of the jury, and therefore erroneous. Every fact hypothesized in the charge might have been believed by the jury, and yet, under the evidence set out in the record, it was open for the jury to find that the defendant acted in self-defense. · If, when the defendant first came in sight of the deceased, the latter made such demonstration as would reasonably impress the defendant, and did so reasonably impress him, with the honest belief that he was in peril of his life or great bodily harm, and there was no reasonable mode of retreat or escape, and if the defendant was free from fault in bringing on the difficulty, and did not encourage or willingly enter into it, then he would not be deprived of his plea of self-defense, although he might have cursed the deceased and said he would kill him. The facts hypothesized in the charge may have been sufficient to convince the jury that the defendant was not free from fault, and, therefore, could claim nothing under the plea of self-defense ; but it was for the jury's consideration, and for them to say, and not for the court to say as a matter of law. Under the evidence the jury might have found that the facts hypothesized in the charge were subsequent in point of time to the threatening demonstrations of the deceased. The charge, when analyzed,

asserts in effect as matter of law that, notwithstanding all of the constituent elements of self-defense may have existed, yet if the defendant cursed his adversary and declared he would kill him, and immediately shot him, he would thereby be deprived of his plea of self-defense.

Justices ANDERSON and DENSON concur with the writer in the foregoing views. Chief Justice TYSON and Justices HARALSON, SIMPSON, and McCLELLAN, constituting a majority of the court, hold that charge 2 correctly stated the law and that no error was committed in giving it. The judgment appealed from must therefore be affirmed.

Affirmed.

TYSON, C. J., and HARALSON, SIMPSON, and McCLELLAN, JJ., concur.

DOWDELL, ANDERSON, and DENSON, JJ., dissent.