# Abrams v. The State.

## Retailing Liquor Without License.

(Decided April 16, 1908. 46 South. —.)

1. *Criminal Law; Misnomer; Instructions.*—A charge asserting that it was not a question of what name the defendant is known by in M. or in W. county, whether he is as well known as Will Abrams or Will Abraham as Willis Abraham, irrespective of county lines, is misleading and properly refused.

2. *Same; Evidence; Identity.*—Notwithstanding the state had elected to prosecute for another offense, it was permissible to show by another that he purchased liquor of the defendant if such evidence is limited to the question of identity of defendant.

3. *Same; Appeal; Objection and Exception.*—An objection cannot take the place of an exception, and where it appears that objections were made to the oral charge of the court, but it does not appear that an exception was reserved thereto, it is not available on appeal to review such charge.

4. *Same; Instruction; Good Character.*—A charge asserting that evidence of good character, with all the other evidence is sufficient to generate a doubt, and if the jury have a reasonable doubt of defendant's guilt they should acquit, is bad as assuming proof of good character whether such evidence is believed or not; and also for the further reason that good character, if proven, may at most, suffice to create such a doubt taken in connection with all the other evidence.

[Abrams v. The State.]

5. *Same; Applicability to Evidence.*—A charge not supported by evidence in the case is properly refused.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Will Abrams was convicted of selling liquor contrary to the law, and he appeals. Affirmed.

Defendant filed a plea of misnomer, setting up that his name was "Willis," and not "Will," Abrams. In this connection defendant requested the following charge: "The court charges the jury that it is not a question of what name the defendant is known by in Monroe county, or in Wilcox county, but whether he is known as well as 'Will Abrams,' or 'Will Abraham,' as 'Willis Abrams,' irrespective of county line."

The state had elected to prosecute for the sale of liquor made to one Will Willis, and over the objection of the defendant the state was permitted to show by West McKenzie that he bought liquor from defendant, but limited the evidence solely for the purpose of identifying the defendant. The following charges were refused to defendant: "(2) That the evidence of good character, taken in connection with all the evidence, is sufficient to generate a doubt, and if the jury have a reasonable doubt of the defendant's guilt they should acquit the defendant. (3) The court charges the jury that you are not to consider any sale proven in this case, except the one testified about by Will Willis, and the evidence of West McKenzie can only be considered as to the identity of defendant."

J. N. & J. B. MILLER, for appellant. An election had already been made by the state to prosecute for an offense and the court erred in admitting evidence of other offenses.—42 South. 814; 96 Ala. 60; 11 South. 435. The court erred in refusing the charge directing that no

[Abrams v. The State.]

evidence be considered as to any other sale except for the purpose of identity.—41 South. 171; 24 Ala. 21; 27 Ala. 142; 67 Ala. 498; 74 Ala. 21; 135 Ala. 185. The court erred in its oral charge to the jury.—*Springfield v. The State*, 96 Ala. 81.

ALEXANDER M. GARBER, Attorney-General, for the State. The oral charge of the court was correct.—*Crawford v. The State*, 112 Ala. 1.

McCLELLAN, J.—The court correctly refused to give to the jury the charge, requested by the defendant, on the trial of the issue raised by the plea of misnomer. The misleading tendency of the charge appears to be that the jury might thereby have been impressed that, though in Monroe county he was known as named in the indictment, yet, if he was not so known irrespective of county lines, the fact that he was so known in Monroe county was not to be taken as within the issue presented; whereas, if he was known in Monroe county as named in the indictment, the plea could not be said to be sustained.

The admission by the court of the testimony of McKenzie of a purchase of liquor from this defendant on the occasion in question, as limited by the court to the purpose to identify the defendant as the party making the sale for which the prosecution was then in progress, was proper.—*McIntosh's Case*, 140 Ala. 137, 37 South. 223.

After stating a part of the court's oral charge to the jury, the bill recites that the "defendant objected to the court's charge as above set out, and called the court's attention to said part of his general charge, and entered objection to same before the jury retired to consider their verdict." This proceeding by defendant does not present for review the matter complained of. The offices

of objections and exceptions in our practice are too distinct to admit of confusing. Where a part of the oral charge by the court is conceived by a party to be erroneous or improper, in order to invoke the review thereof by this court, that party must except thereto, not object. An objection on a trial is the appropriate method to require the court's ruling, upon which an exception may be taken, and it is the exception, and not the objection, that is reviewed here, though, of course, the ruling or action of the court must be properly invited by the objection. Here the court was instructing the jury, as is its province, and the defendant merely stated, by his objection, his dissatisfaction with the oral charge set out, without excepting thereto as an erroneous expression of the particular matter stated. It has been often ruled here that even a properly interposed objection does not afford predicate for a review of the matter, unless action of the court thereon is shown.

Charge 2, requested by the defendant, was well refused, because it hypothesizes that evidence of good character, taken in connection with all the evidence in the case, is sufficient to generate a doubt; whereas, such character, if proven, may at most suffice, in connection with all the other evidence, to generate such doubt. It is also bad, since it assumes such a result, whether the evidence of good character is believed or not. The charge probably has other vices.

Charge which we number 3 was properly refused on the score, among others, that it predicates its conclusion upon a "sale by McKenzie," when there was no such testimony introduced on the trial. It was shown that McKenzie bought liquor from the defendant on the occasion in question. The charge is otherwise erroneous.

[Fourment v. The State.]

There is no prejudicial error in the record, and the judgment is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.