# Johnson *v*. The State.

## *Murder.*

(Decided July 6, 1910. Rehearing denied Dec. 22, 1910. 53 South. 769.)

1. *Homicide; Evidence; Dying Declarations.*—The predicate in this case stated and held sufficient to authorize the admission of dying declarations.

2. *Same; Res Gestae.*—Where it was shown that several of the decedent's children were lying on the floor with him at or immediately before the shooting occurred, evidence as to their ages was admissible as part of the res gestae of the transaction.

3. *Witnesses; Competency; Wife of Decedent.*—The widow of the person killed is a competent witness in a homicide case in regard to the circumstances of the killing.

4. *Same; Examination.*—The question as to what the accused said just before the shooting did not necessarily call for incompetent testimony, and the court will not be put in error for overruling an objection to it.

5. *Charge of Court; Abstract Instruction.*—Where there was no evidence of the case tending to show insanity, charges submitting the defense of insanity to the jury are properly refused as abstract.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Jack Johnson was convicted of murder in the first degree, and he appeals. Affirmed.

Trick Cottingham was the man alleged to have been killed. Dr. Bunting testified as to the character and

nature of the wound, and that he told the deceased that night that he was going to die from the effect of the wound, and that the deceased said to him that he knew he was going to die from the wound, and proceeded to make the statement referred to in the opinion. The defendant objected to the statement, because proper predicate had not been laid. The defendant also objected to the testimony of Lottie Cottingham, because at the time of his death she was the wife of Trick Cottingham.

The following charges were refused to the defendant: (1) "The court charges the jury that if you have a reasonable doubt in your mind, arising out of the evidence, as to whether the defendant is sane or insane, then it is your duty to acquit him." (2) "The court charges the jury that you cannot convict him, if you have a reasonable doubt as to his insanity, arising out of his own evidence."

HENRY P. WHITE, and S. D. LOGAN, for appellant. Counsel discuss the matters treated in the opinion and insist that the court erred to the prejudice of the defendant, but cite no authority in support thereof.

ALEXANDER M. GARBER, Attorney General, for the State.

SIMPSON, J.—The appellant was convicted of the crime of murder in the first degree. The predicate for admitting testimony of the dying declarations of Trick Cottingham was sufficient, and there was no error in admitting said declarations

There is no law which renders the widow of a murdered man incompetent to testify in regard to the circumstances of his death. Hence there was no error in admitting the testimony of Lottie Cottingham.

[Montgomery v. The State.]

There was no prejudicial error in admitting testimony of the ages of the children, who were lying on the floor with their father, at or immediately before the shooting, as it was a part of the res gestæ, describing the situation at the time of the shooting. At any rate, it was harmless to the defendant.

There was no error in overruling the objection to the question to Oscar Curry, "What did Jack say?" referring to the defendant, just before the shooting, as said question did not necessarily call for illegal testimony, and the answer to the question could not work any prejudice to the defendant.

There was no error in the refusal to give charge 1, requested by the defendant. It is abstract. There was no testimony in the case tending to show that the defendant was insane.

The same is true as to charge 2, requested by the defendant.

There being no error apparent on the record, the judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.