## THOMAS v. STATE.
### 6 Div. 809.

Supreme Court of Alabama.
Jan. 30, 1936.

Rehearing Denied March 5, 1936.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws and Wm. H. Loeb, Asst. Attys. Gen., for the State.

Julian Skinner, of Birmingham, for appellant.

BOULDIN, Justice.

The record discloses the trial and conviction of defendant by due process of law. No error appears in the record proper.

No bill of exceptions showing proceedings on the trial of the cause is presented.

A bill of exceptions, showing a motion for new trial, the grounds thereof, affidavits offered on the hearing, and the ruling thereon, is in the record.

The grounds of the motion were want of time for counsel appointed to represent

defendant to properly prepare the cause for trial, and newly discovered evidence.

The indictment was returned May 13, 1935. Whether defendant was arrested before or after indictment does not appear.

On June 8, 1935, defendant, in open court, in person and by counsel, was duly arraigned, pleaded not guilty, and June 17th set for his trial. The trial was had on June 20th.

Affidavit of counsel discloses that the attorney first appointed to represent the defendant asked leave to withdraw, and present counsel was appointed two days before the trial; that the defense was an alibi; that witnesses on that issue were in North Carolina, and no sufficient time was given to properly investigate. The affidavit says the court's attention was called to lack of sufficient time while he was sounding his docket. It does not appear any motion for continuance was made, that the court was advised of the character of the defense, nor any reason given why the case should not be tried on the day set. It does not appear defendant did not know where he was when the killing occurred, with which he was charged; nor that former counsel had not been diligent, or failed to advise the new counsel of the results of his labors.

In this state of the record, it cannot be held the court erred in failing, of his own motion, to continue the case to a later date.

A new trial for newly discovered evidence must disclose two facts: First no lack of diligence in failing to procure the testimony offered on the motion; second, that the newly discovered evidence is material and would probably produce a different verdict.

The motion and amendment thereto were pending some six weeks.

The brief time to investigate before the trial may well be considered on the question of diligence.

But coming to the results of the investigation for purposes of a new trial, there was no evidence presented on the motion, standing alone, tending to establish an alibi.

It appears from court records in North Carolina, that a man by the name of John Thomas was under sentence for larceny, served same, and was discharged April 2, 1923. No other identifying data appears. The record before us discloses the murder was committed in 1923; neither the date nor even the time of year appears. The mother of defendant, then in Birmingham, made affidavit that he left Birmingham three or four years before 1923, and she had not seen him since. It does not appear defendant did not know the whereabouts of his mother all the time.

Without further discussion, in the absence of the evidence and proceedings on the trial, all presumptions must be indulged in favor of the trial court. Error cannot be presumed. For all that appears, the identification of defendant at the time and place of the killing was fully and clearly proven. If we look to the charge of the court which does appear in the record, it appears there was evidence of flight.

The denial of the motion for new trial was without error. Powell et al. v. State, 224 Ala. 540, 141 So. 201; Levert v. State, 220 Ala. 425, 125 So. 664; Smith v. State, 15 Ala.App. 478, 73 So. 824; Harris v. State, 24 Ala.App. 580, 139 So. 119.

The date fixed for the execution of the sentence of the law having passed, it is ordered and adjudged that Friday, the 27th day of March, 1936, be and the same is fixed as the date upon which the sentence will be executed as provided by law.

Affirmed.

All the justices concur, except ANDERSON, C. J., not sitting.