39 So.2d 21

## DYKES v. STATE.
### I Div. 576.

Court of Appeals of Alabama.
Dec. 14, 1948.

Rehearing Denied Jan. 11, 1949.

Outlaw, Seale & Kilborn, of Mobile, for appellant.

218

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

CARR, Judge.

On an indictment charging murder in the first degree the accused was tried and convicted of manslaughter in the first degree.

 Without dispute in the evidence the appellant killed his brother-in-law by shooting him with a rifle. A justification vel non for the homicide revolved around the factual issues relating to self-defense. A jury question was clearly posed on this query.

There were comparatively few objections interposed during the progress of the introduction of the evidence. We do not see in any ruling incident thereto any question worthy of comment.

The only matter of material moment is the action of the lower court in refusing a number of written instructions which were tendered by the defendant.

Many of these instructions sought to state the right of the accused to defend himself when on his own premises, without the necessity to retreat. Each of the said charges assumes that appellant was so situated and positioned as to come under the protection and influence of the applicable doctrine. We are not privileged to review this inquiry very accurately. Attorneys directed some of the witnesses to point out on a diagram or drawing the positions of the parties and the general surroundings of the locale of the alleged crime. These drawings and notations are not before us.

It can be said with certainty that when the fatal shot was fired the appellant was standing at or near a road which passed in front of his dwelling. The house was situated about 100 to 120 feet back from the road. The question is: Even though the accused may have been standing on his land, did this place him outside the curtilage of his home? The right of a person to defend himself on his own premises, without retreating, does not include his lands which are outside the curtilage of his home. 11 Ala. Digest, Homicide, ⊕118 (3).

All this aside, the court in his oral charge and by given written instructions clearly and comprehensively instructed the jury with reference to this doctrine. Title 7, Sec. 273, Code 1940.

Also, the following refused charges were substantially covered in this manner, numbers 1, 5, 11, 17, 21, and 24.

Refused charges 7 and 22 are abstract. Jackson v. State, 5 Ala.App. 306, 57 So. 594; Scott v. State, 15 Ala.App. 267, 73 So. 212.

Charge number 13 relates to the offense of murder. The verdict of the

jury eliminates this degree of homicide. Brake v. State, 8 Ala.App. 98, 63 So. 11; Shikles v. State, 31 Ala.App. 423, 18 So. 2d 412.

 In the recent case of Brown v. State, 33 Ala.App. 97, 31 So.2d 670, and in Favors v. State, 32 Ala.App. 139, 22 So.2d 914, we had occasion to review charges in exact counterpart to instruction number 4. Reference to these cases will illustrate the propriety of the refusal of the charge in the instant case.

The criticism of refused charge 18 in Madry v. State, 201 Ala. 512, 78 So. 866, is applicable to refused charge number 10 in the case at bar. It can be pointed out also that the instruction of instant concern omits the essential element of retreat. As indicated above it is not made clear by the record that the accused was relieved of this necessity.

Charge 14 was refused without error. Maxwell v. State, 32 Ala.App. 487, 27 So. 2d 804; Williams v. State, 147 Ala. 10, 41 So. 992. The charge also contains the vice of being abstract. There was no evidence that the deceased was making any effort to invade the peace and security of appellant's dwelling.

Refused charge 19 assumes facts which are in dispute in the evidence. The testimony of some of the State's witnesses tended to prove that the deceased was not in the act of effectuating a felonious assault upon the defendant when the latter fired his rifle. Walker v. State, 33 Ala.App. 614, 36 So.2d 117; Ray v. State, 248 Ala. 425, 27 So.2d 872.

Refused instructions 6 and 12 are in duplicate. So far as our diligent search discloses, we find that our appellate courts have reviewed this charge in the following cases, and in each of them it has been approved: Twitty v. State, 168 Ala. 59, 53 So. 308; Richardson v. State, 204 Ala. 124, 85 So. 789; Black v. State, 5 Ala.App. 87, 59 So. 692; Bone v. State, 8 Ala.App. 59, 62 So. 455; Bailey v. State, 11 Ala.App. 8, 65 So. 422; Langston v. State, 16 Ala.App. 123, 75 So. 715; Crumley v. State, 18 Ala.App. 105, 89 So. 847; Kirkley v. State, 19 Ala.App. 570,

99 So. 56; Bailey v. State, 22 Ala.App. 531, 117 So. 505; Higdon v. State, 25 Ala.App. 209, 143 So. 213.

It is to be noted that in the Richardson case, supra, the charge contained a misapplied word, and for this sole reason it was disapproved.

It follows that it was error to refuse charge 6 or 12 in the instant case.

Charge number 9 is an exact counterpart to refused charge number 10 in the recent case of Abercrombie v. State, 33 Ala.App. 581, 36 So.2d 111. On the authorities therein cited, we disapproved its refusal. The evidence in defendant's behalf in the instant case presents a situation which made applicable the right of the accused to act upon the reasonable appearance of danger to life or limb. In this respect it is to be distinguished from the holding in Davis v. State, 188 Ala. 59, 66 So. 67.

Refused charges 16 and 18 are substantially identical to charge 9, which we have just considered.

For error in refusing the written instructions which we have indicated, it is ordered that the judgment of the court below be reversed and the cause remanded.

Reversed and remanded.