51 So.2d 706

**ANDERS v. STATE.**

**8 Div. 776.**

Court of Appeals of Alabama.
June 6, 1950.

Rehearing Denied June 27, 1950.

Reversed on Mandate March 27, 1951.

S. A. Lynne and Russell W. Lynne, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Judge.

This is an appeal from a judgment of conviction for murder in the second degree. The punishment imposed was ten years in the State penitentiary.

The appellant, Velo Anders, and the deceased, John Sparkman, were brothers-in-law. They married sisters.

In this case, as in *many* others we are called upon to review, excessive consumption of intoxicating liquor seemed to have influenced the circumstances which led finally to the homicide.

The accused admitted that he shot Sparkman· with a shotgun, but claimed self defense.

The fatal wound was inflicted at close range and death ensued forthwith.

The tragedy occurred at the home of the appellant. When the shot was fired, the defendant was standing at or near the porch to the house and Sparkman was in the yard. There is a conflict in the evidence with respect to Sparkman's conduct and demeanor just at this time. Mrs. Sparkman testified that her husband was standing in the yard smoking a cigarette at the moment he was shot. The defendant and his wife testified that the decedent was threatening to enter the house when the shot was fired. There was no evidence that Sparkman was presenting any weapon of any kind.

The wife of each participant was at the immediate scene, according to the testimony of Mrs. Sparkman. No other persons were present.

Other witnesses related facts and circumstances incident to prior and subsequent occurrences.

Mrs. Sparkman's testimony made a strong case of unjustifiable homicide. That of the appellant and his wife supported the claim of self defense.

Very few rulings of the trial judge were invoked while the introduction of the evidence was in progress. None of these merits any comment.

Exceptions to the court's oral charge appear as follows:

"By Mr. Lynne: (1) The defendant excepts to that portion of the court's oral charge where the court said that the wilful doing of an unlawful act conveys malice.

"(2) We except to that portion of the court's oral charge wherein it was said malice may be ·presumed from the use of a deadly weapon.

"(3) The defendant excepts to that portion of the court's oral charge wherein the court says mere words are insufficient provocation to reduce a crime from second degree murder to manslaughter.

"(4) Except to that portion of the court's oral charge where the court said if he used more force than was necessary he could not set up self defense.

"(5) Except to that portion of the court's oral charge wherein the court charged the jury the whole case was based on self defense and the court omits the defense of habitation."

It is apparent that the exceptions are by reference only.

The authorities are committed to the rule that an exception which merely describes or refers to the subject treated in the oral charge is insufficiently presented for review by the appellate courts.

▮ It has been held that if what the trial judge said is recited in the exceptions with substantial accuracy a review should not be denied. Kelley v. State, 226 Ala. 80, 145 So. 816.

The following authorities are clear to the conclusion that the exceptions in the instant case are insufficient: J. R. Watkins Co. v. Goggans et al., 242 Ala. 222, 5 So. 2d 472; Pollard v. Rogers, 234 Ala. 92, 173 So. 881; Kelley v. State, 226 Ala. 80, 145 So. 816; Head v. State, Ala.App., 44 So.2d 441;[1] McGhee v. State, 178 Ala. 4,

---

1. Ante, p. 71.

59 So. 573; Corder v. State, 32 Ala.App. 584, 28 So.2d 651; Garrett v. State, 33 Ala. App. 168, 31 So.2d 151.

Refused written instruction number 9 is not predicated on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179; Jones v. State, 209 Ala. 655, 96 So. 867; Maxwell v. State, 34 Ala.App. 653, 43 So. 2d 323.

The following refused charges are covered by the oral charge or by given written instructions: 10, 17, 24, and A–24. Title 7, Sec. 273, Code 1940; Gettings v. State, 32 Ala.App. 644, 29 So.2d 677.

Refused charge number 19 is argumentative. Lovelady v. State, 24 Ala. App. 502, 136 So. 871.

Those numbered 19–A, FF, A–8, and A–9 are incomplete or elliptical.

Refused instructions A and H omit the essential element of freedom from fault, as it is applied to the doctrine of self defense.

Charges E and F assume facts which are in dispute and some facts which find no support in the evidence. Dykes v. State, 34 Ala.App. 216, 39 So.2d 21; Charles v. State, ante, p. 83, 43 So.2d 844.

Clearly the defendant was not due the general affirmative charge. Therefore, charges numbered 34 and 35 were properly refused.

The motion for a new trial presents two questions which have not been herein considered and which merit our treatment.

It appears from the evidence that the accused and the deceased left the former's home in an automobile. They returned and again departed together in the same car. On this last trip, when the parties had reached a point about one mile from appellant's home, a difficulty or dispute arose. The appellant got out of the car and went to the home of a neighbor and tried to borrow a gun. His request was refused. He then ran to his own home and secured a shotgun. When Sparkman came back to the defendant's home, the fatal wound was inflicted.

Hosea Lewis was called as a witness for the State. He gave his account of the difficulty between the appellant and the deceased at the time the former left the automobile, as we have indicated above. He testified that this occurred about a mile from the scene of the homicide. It was nighttime and dark. The witness was about 350 yards from the place where the affray and argument were in progress. When he stated what he heard said, he was unable to identify the speaking party.

The appellant's account of this occurrence was at variance with that of Lewis.

Ground 19 of the motion for a new trial is as follows:

"Since the verdict in this cause, the defendant has discovered material evidence that he was unable to discover and did not discover, notwithstanding he exercised due diligence in his effort to so discover, showing that Hosea Lewis, a witness for the State in the trial of this cause and who testified therein, committed perjury, in that, said witness testified on the trial of the cause that on the night of the death of the deceased, he was near the highway and overheard conversation and matters of dispute and difficulty between the defendant and the deceased. in company with a man by the name of Rigsby who lived in Huntsville and who was with him on this occasion, and defendant has discovered that on the night in question the said Rigsby was in Madison County, Alabama and had not been near the home of Hosea Lewis, and that this fact had been made known to a Mr. Troup who was a special representative of the State of Alabama in the obtaining of evidence touching the death of John Sparkman, and had learned that this statement of Hosea Lewis· was untrue prior to the examination of the said Lewis as a witness and the said Troup was present when the said witness was placed on the stand to testify."

There is serious doubt that the evidence in support of the motion meets the demands of the law with respect to due diligence. However, we will pretermit a decision on this question and proceed to a review from another approach.

■ A ruling on a motion for a new trial on the ground of newly discovered evidence addresses itself to the sound discretion of the court. Slaughter v. State, 237 Ala. 26, 185 So. 373; Welch v. State, 28 Ala.App. 273, 183 So. 879.

■ Ordinarily, newly discovered evidence which tends only to impeach or contradict the testimony on the main trial will not warrant the granting of a motion for a new trial. Slaughter v. State, supra; Welch v. State, supra.

■ To authorize the granting of a new trial on the ground of newly discovered evidence, it must appear that the new evidence is of such potency and materiality that it will probably produce a different result in the event of another trial. Williams v. State, 245 Ala. 32, 15 So.2d 572; Thomas v. State, 231 Ala. 606, 165 So. 833.

The evidence in support of the motion disclosed that there were several factors which entered into the question of whether or not Lewis was in fact at the place with a man named Rigsby. There seemed to be confusion as to whether it was "Crew" Rigsby or "Prue" Rigsby. Indeed, the evidence does not make it certain that Lewis's testimony, with reference to his whereabouts on the night in question, was not true.

■ We would do serious violence to the due and orderly administration of our laws to declare that this case should be remanded for another trial on the basis of insistence here made.

It is urged, also, that the verdict was against the great weight of the evidence and the motion should have been granted for this reason.

It appears that Mrs. Sparkman's previous reputation had not been in all respects good. Much of the evidence in this aspect was not competent in an attempt to impeach or discredit her testimony. However, the prosecuting officer seemed to be content to let it in.

Mrs. Sparkman had been previously married to Richard L. Holland. The former husband's bill for divorce and the decree incident thereto were introduced in evidence. Counsel in brief requests us to consider the allegations of this bill in that John Sparkman is named therein as the person with whom the respondent committed acts of adultery. Then we are urged to deduce from this that the deceased was of "the type that does not know how to play the game fair and in this instance we find him breaking up the home of this Holland boy while he was away serving his Country and was not there to protect his home."

■ We know of no rule of law that permits us to conclude that on this account the deceased was a man of violent, turbulent, and bloodthirsty character. This, of course, was the character evidence of the deceased about which the jury was concerned.

To be sure, Mrs. Sparkman was an interested witness, and so were the appellant and his wife.

We cannot substitute our views for those of the trial judge and jury and hold that all credence should be given to the evidence for the defense and none to that of the State.

The profession is familiar with the rules which must guide us when we are called upon to review the judgment of the lower court in his action in denying a motion for a new trial on the grounds of instant concern and here pressed.

■ It is often stated that the verdicts of juries and judgments of trial courts are solemn and should not be disturbed by the appellate courts unless a good, legal reason therefor appears.

■ In consonance with these doctrines we are not convinced that we should disturb this judgment in the case at bar.

We have responded to all presented questions which merit our discussion.

It is ordered that the judgment at nisi prius be affirmed.

Affirmed.

### After Remandment

CARR, Presiding Judge.

On certiorari the Supreme Court held that we were in error in holding that an

exception to the trial court's oral charge was not sufficiently definite to invite review.

The Supreme Court also held that the portion of the oral charge to which exceptions were interposed was erroneous because of the omission of the qualifying phrase "unless the evidence which proves the killing rebuts the presumption."

The cause has been remanded to this court for further consideration.

In consonance with the Supreme Court's decision, we are left to determine whether from the evidence the omission can be justified because it is abstract. We cannot so hold. There is evidence to sustain the position of the appellant that he acted in self-defense, "or the homicide was the result of sudden passion, engendered by sufficient provocation, and without malice". Hornsby v. State, 94 Ala. 55, 10 So. 522, 527.

It follows that the judgment below must be reversed and the cause remanded. It is so ordered.

Reversed and remanded.