The nineteen year old defendant was indicted and convicted for buying, receiving or concealing stolen property. He was charged and tried as a Youthful Offender. Sentence was thirty days' imprisonment in the county jail and two years' probation.
The defendant appealed his conviction because the trial court imposed a term of incarceration as part of his sentence. The basis for the appeal is that a transcript was not made of the defendant's trial. This was raised in the trial court by a motion for new trial.
Apparently, the only evidence submitted at the hearing of the motion for new trial, and the only evidence in the record, is an affidavit of Helen Murphy, the official court reporter for the Circuit Judge who tried the defendant. The pertinent portions of her affidavit appear as follows:
 "At trial, on February 7, 1980, defendant was represented by attorney John Barnes. When asked by the trial judge whether he wanted me to attend the trial as court reporter, Mr. Barnes apparently said no. I was not called into the courtroom during the trial of defendant, nor is there to my knowledge any notes, memoranda, or record of the oral testimony given during said trial."
* * * * * *
 "I did not attend, nor do I have any notes pertaining to the trial held on February 7, 1980. To my knowledge, no court reporter attended said trial, nor were any notes made of the testimony when given."
The defendant contends that due process of law requires a verbatim record of testimony in Alabama Youthful Offender proceedings and that trial counsel's waiver of or failure to request the presence of a court reporter constitutes incompetent and ineffective assistance of counsel. However, the defendant does not contend, either in brief or in oral argument, that he was denied a fair trial, that any errors were committed during the course of the trial, or that the State's evidence at trial was insufficient to support the verdict. From the record, it does not appear that the defendant is indigent or required court appointed counsel.
This Court is bound by the record. The record here does not show that the defendant was denied a transcript — only that trial counsel "apparently" waived the presence of a court reporter during trial.
Defendant's appellate counsel did not attempt to create a record of the proceedings under Rule 10 (d) A.R.A.P. providing for a statement of the evidence or proceedings when no report was made or when the transcript is unavailable. Allegedly this was because the defendant simply did not remember what occurred and was unfamiliar with court proceedings, but this fact does not appear in the record. Defendant's trial counsel was not contacted or called as a witness at the hearing of the motion for new trial because appellate counsel thought he would be hostile and uncooperative since appellate counsel had alleged trial counsel was incompetent. While there have been implications, there has been no showing that trial counsel would refuse to aid in the "preparation of a statement of the evidence or proceedings from the best available means source" pursuant to Rule 10 (d) A.R.A.P. The aid of the trial judge or the district attorney was not sought by appellate counsel in an attempt to comply with Rule 10 (d).
Under the present state of the record, we cannot declare that the defendant was denied his constitutional right to appeal and the effective assistance of counsel. On the other hand, we cannot presume the waiver of the right to a transcript on appeal from a silent record under the circumstances here present.
In this situation, we remand this cause to the Circuit Court of Lauderdale County with directions that counsel comply with Rule 10 (d) or (e) A.R.A.P. If such compliance is impossible, or insufficient as determined by the trial judge, the reasons for such impossibility or insufficiency, with supporting evidence, shall appear on record. *Page 289 
If the trial judge, in the exercise of her discretion, determines that compliance with Rules 10 (d) or (e) is impossible or that the resulting record would be insufficient, then it is ordered that an evidentiary hearing be held to determine the circumstances surrounding the "apparent" waiver of the presence of the court reporter during the defendant's trial and to determine the facts of the other issues presented in the defendant's Motion for New Trial.
REMANDED WITH DIRECTIONS.
All Judges concur.
 ON RETURN TO REMAND