BOWEN, Judge,
dissenting.
The majority reverses and remands for new trial two of the defendant’s convictions based on guilty pleas “since there is an insufficient record for this Court to properly determine the basis of either of the alleged errors.”
On application for rehearing, the Attorney General submitted the affidavit of Darrell Haley, the official court reporter for the 8th Judicial Circuit. Mr. Haley states that the defendant’s retained counsel advised him not to start work on the transcript until advised to proceed. Mr. Haley also states, “No order for the transcript was ever received from the attorney, and I was never requested to furnish the transcript.”
As the majority notes, this affidavit is not properly before this Court. However, I cannot completely ignore it either. I would remand the cause for a hearing to determine why the record is not complete. I would not allow a defendant to profit by invited error if that be the case.
Under the same reasoning as employed by the majority in rejecting the court reporter’s affidavit, the argument of any misunderstanding concerning probation should also be disregarded. That contention is only supported in the record by the un-sworn allegations of a motion to withdraw the two guilty pleas. That motion was submitted on “affidavits and other information ... without a hearing.”
The only affidavit contained in the record is that of Larry Madison, Assistant District Attorney. That affidavit is to the effect that he promised and did not take any position regarding probation. The motion does not dispute this but merely alleges that the defendant and his attorney “believed” that probation would be granted. In reversing the convictions, the majority has applied the wrong standard. “(I)n the absence of the evidence and proceedings on the trial, all presumptions must be indulged in favor of the trial court. Error cannot be presumed.” Thomas v. State, 231 Ala. 606, 607, 165 So. 833 (1936). “Where the record on appeal is silent, it will be presumed that what ought to have been done was not only done, but was rightly done.” Watson v. State, 398 So.2d 320 (Ala.Cr.App.), cert. denied, 398 So.2d 332 (Ala.1981). This is not a case where no court reporter was available. See White v. State, 403 So.2d 287 (Ala.Cr.App.1980), cert. denied, 403 So.2d 292 (Ala.1981).
It is a fundamental principle of appellate review that error will not be presumed on appeal. Error cannot be based on matters not shown in the record. Watson, 398 So.2d at 330. A judgment cannot be impeached or contradicted by matters not appearing in the record proper. Williams v. State, 43 Ala.App. 343, 190 So.2d 556 (1966). The defendant is charged with the duty of presenting a correct record to this Court. Weaver v. State, 401 So.2d 344 (Ala.Cr.App.1981).