BOWEN, Presiding Judge.
This is an appeal from the order of the District Court of Limestone County adjudging fourteen-year-old Tony Routh to be delinquent based on underlying charges of harassment and hindering prosecution. Two issues are raised on appeal.
*1078 I
Routh contends that the transcript of his hearing before the referee was inadequate. In December of 1984, petitions were filed in the juvenile court of Limestone County charging Routh with harassment and hindering prosecution. The cases were heard by a referee as authorized by Alabama Code 1975, § 12-15-6(a). In February of 1985, the referee found Routh to be delinquent and in need of care or rehabilitation. As directed by § 12-15-6(c), the referee “transmitt[ed] in writing his findings and recommendations for disposition to the [district court] judge.” The referee also forwarded a transcript of the delinquency hearing. It is this transcript which Routh claims is insufficient.
A hearing was had before the District Court Judge, who found that the “findings of the referee, facts alleged in the petition are true and that [the] child is delinquent beyond a reasonable doubt, are supported by the evidence. The court approves the finding that the child is delinquent and it is hereby made the decree of this court.” In issuing its order, the district court considered Routh’s contention that the transcript of the hearing before the referee was insufficient.
“The court heard all the sworn testimony presented by the parties and considered all the evidence. The only issue presented to the court was whether or not the record was adequate, the counsel for child contending that the record was not adequate and the State contending that the record was adequate.
“In making a finding pertaining to the adequacy of the record, the court has used a standard similar to but not to exceed that required for an appeal to the Criminal Court of Appeals. The court notes that Rule 20 of the Rules of Juvenile Procedure requires that a complete record of all testimony be kept by stenographic reporting, by mechanical or electronic device, or some combination thereof. The record in this case was taped by electronic device, a 4-channel, half-speed confer-corder, Sony BM-145. Court further notes that the above cited rule does not require a court reporter. The court finds and determines that the Supreme Court of Alabama under Rule 20 did not establish a requirement for a court reporter, and, therefore, intended and expected that the record would be something less than that provided by a court reporter. Paragraph (B) of the rale specifically required that the transcript be certified by both parties as being substantially true and correct except when there is a dispute as to its content, which shall be noted as an exception by counsel claiming the error.
“The counsel for child in this case stated that an uncertified transcript of the testimony was prepared by the secretary of the District Attorney and on his review of the record, he found 208 specific instances in the record in which the questions and/or answers were incomplete or inaudible. The court finds as follows:
“(1) The preparer of the transcript, Ms. Diane Smith, testified that:
“(a) There are only 48 inaudibles out of the 208 specific instances cited by counsel for child.
“(b) The remaining 160 instances are pauses or interruptions in the testimony and not errors or omissions.
“(c) The transcript accurately reflects the contents of the tapes.
“(2) Counsel for child did not offer any testimony pertaining to the accuracy of the transcript.
“(3) Counsel for child attempted to qualify an expert witness who had no personal knowledge of the record in this case (tapes and transcripts) nor the requirements for a Juvenile record in a District Court by law and rale. Court within its discretion refused to allow the witness to give an opinion on the adequacy of the record based on a hypothetical set of facts which was fraught with terms not defined or ill-defined. The determination of the adequacy of the record is within the province of the court and the very issue to be determined. Counsel for child took exception to the court’s ruling.
*1079 “(4) The court reviewed the transcript before the hearing and the dashes and inaudibles after the hearing.
“(5) The testimony in the referee’s hearing was voluminous and repetitious.
“(6) Counsel for child did not offer any testimony or argue any specific material omission in the record that would prejudice his cause.
“(7) Tapes of the Referee’s Hearing could have been made available to counsel for child upon his request to the court.
“(8) Counsel for child did not proffer any new evidence, or state in any of his arguments that any was available.
“(9) Electronic recording by its very nature will result in a record less complete than a record prepared by a court reporter, or else court reporters would not be required in any case. It is almost inevitable in every case that some small amount of testimony will be inaudible since many of the speakers move about (not speaking into microphones), and there are inadvertent noises and electrical interferences that get upon the tape which prevents the result from being distinguishable.
“(10) Considering the volume of the record and the number of inaudibles, the record in this case may be better than the average that can be expected when recorded electronically.
“After considering all the evidence, the transcript (including its dashes and inau-dibles), the objections presented by counsel for the child, and pleadings and arguments of parties, this court finds that the record substantially represents the testimony given during the referee’s hearing and that the shortcomings presented by the counsel for the child are not substantial to the degree that they would prejudice or affect the outcome of judgment of referee or the court. Therefore, court finds and adjudges that the record is adequate for the purpose of a rehearing in this case.”
Routh does not dispute the factual content of the transcript. He does not contend that he was denied a fair hearing, that any errors were committed during the course of the hearing, or that the State’s evidence at the hearing was insufficient to support the referee’s adjudication of delinquency. See White v. State, 403 So.2d 287, 292 (Ala.Cr.App.), cert. denied, Ex parte White, 403 So.2d 292 (Ala.1981). We find no error in the district court’s determination that the transcript was adequate.
II
Routh’s second issue was addressed by the District Court Judge in paragraph number (3) of his opinion. The witness was allowed to state her opinion on what would be an adequate record in a juvenile case and that “anything less” would be an inadequate record. We find no abuse of discretion in refusing to permit Routh’s “expert” to testify that the transcript was inadequate.
The judgment of the district court is affirmed.
AFFIRMED.
All Judges concur.